JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00681-SSS-DTBx | Date | July 29, 2026 |
| Title | *David Pinedo v. Target Corp., et al.* | | |

| | |
|---|---|
| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH COURT ORDERS**

On July 1, 2026, the Court granted LOYR, APC's motion to be relieved as counsel for Plaintiff Pinedo. [Dkt. No. 18, Order at 1]. In so doing, the Court ordered Pinedo to file a declaration with his personal information as required under Local Rule 41-6. [*Id.* at 2]. The declaration was due by July 13, 2026. [*Id.*]. The Court cautioned Pinedo that failure to comply with that order may result in dismissal. [*Id.*]. As of today, Pinedo has not filed the requisite declaration.

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions under Federal Rule of Civil Procedure 41(b) for failure to prosecute and to comply with a court order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). Five factors are weighed when determining whether to dismiss an action for failure to prosecute or comply with court orders: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Pagtalunan*, 291 F.3d at 642.

Having weighed the five factors, the Court finds the first, second, third, and fifth factors weigh in favor of dismissing this action. As to the first and second factors, Pinedo's failure to file the declaration impedes the Defendant Target Corporation's ability to expeditiously resolve this case, and the Court's need to manage its docket and to keep this case moving towards disposition. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("the public's interest in expeditious resolution of litigation always favors dismissal").

The third factor—the risk of prejudice to Target—also weighs in favor of dismissal. The law presumes a defendant would suffer prejudice from a plaintiff's failure to prosecute a case diligently. *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). This presumption must be judged relative to the strength of the plaintiff's excuse for failing to prosecute or comply with a court's orders. *Id.* at 1453. Here, Pinedo offers no excuse for failing to file a declaration. Without an explanation from him, the Court thus presumes Target would suffer prejudice.

The fourth factor—the public policy favoring disposition of the case on its merits—weighs against dismissal. However, Pinedo's failure to discharge his responsibility to move the case towards a disposition outweighs the public policy favoring disposition on the merits. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics.").

Finally, the fifth factor—the availability of less drastic sanctions—weighs in favor of dismissal. The Court took meaningful steps to explore alternatives to dismissal because it gave Pinedo the opportunity to file the declaration and cautioned him that failure to do so by that date may result in dismissal of the case. *See also Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternative' requirement"); *see also Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").

Having weighed these factors, the Court finds that dismissal of this action without prejudice is warranted. Accordingly, this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**